IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY JACKSON, # 12246, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:16cv260-WHA |
| | ) (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Anthony Jackson ("Jackson"), an Alabama prisoner, brings this action challenging the life sentence imposed in October 1978 by the Circuit Court of Montgomery County upon his conviction for first-degree rape. For the reasons that follow, Jackson's petition should be denied under 28 U.S.C. § 2244(b)(3) and dismissed as a successive petition for writ of habeas corpus under 28 U.S.C. § 2254 filed without the required appellate court authorization.

**II.   DISCUSSION**

Jackson challenges his state sentence, and he is in custody under the judgment of an Alabama court. Therefore, 28 U.S.C. § 2254 applies to his petition despite his failure to designate it as one seeking relief under that statute. A state prisoner trying to obtain relief from his sentence cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing a petition purporting to be something else. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003). Accordingly, this court must apply the procedural restrictions applicable to § 2254 petitions to Jackson's petition. No matter how Jackson has labeled

his filing, this court finds that his petition is of the same legal effect as, and should be construed as, a petition for writ of habeas corpus under 28 U.S.C. § 2254.

In May 1993 Jackson filed a habeas petition under 28 U.S.C. § 2254 challenging his 1978 Montgomery County conviction and life sentence – the same life sentence he challenges in his instant petition. *See Jackson v. Davis, et al.*, Civil Action No. 2:93cv635-ID (M.D. Ala.). On November 22, 1994, this court denied Jackson's § 2254 petition and dismissed the case with prejudice. *Id*., Doc. Nos. 16 and 17.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

Jackson furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive application for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Jackson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Jackson be DENIED.

2.  This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3), because Jackson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before December 28, 2016.  Any objections filed must specifically identify the factual

---

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th  Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 13th day of December, 2016.

    /s/ Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE